And we will now hear argument in Lin v. Shanghai Original. Mr. Schweitzer, good morning. Yeah, it's still morning. Good morning, Your Honors. And may it please the Court, Aaron Schweitzer for the Plaintiffs and Appellants in this matter. Excuse me. This matter concerns whether the dismissal of the plaintiff's action arising under the Fair Labor Standards Act in the Southern District of New York should have been dismissed under the so-called two-dismissal rule of Federal Rule of Civil Procedure 41A1B. Briefly, I'd like to go over the factual and procedural underpinnings of this because they bear heavily on the outcome. When you do that, and that's absolutely fine as far as I'm concerned, but would you identify who the plaintiffs are now as appellants actually before us? They are Jianying Lin, Huichu Chen, and Xin He. Okay. Okay. And Mendez, Flores, and Guerrero are not part of the appellant crew? Not at this point, no. All right. So what originally happened in the prehistory of this case is there was a case in the Eastern District of New York also arising under the Fair Labor Standards Act into which Mr. He, Mr. Lin, and excuse me, into which Jianying Lin, Huichu Chen, and Xin He had sought to opt in under the collective action provision of the Fair Labor Standards Act. That case involved, excuse me, at the time all, excuse me, that case at the time involved two out of three locations operated, restaurant locations operated by the defendants. The three locations were located in Flushing, in Midtown, and in Chinatown in Manhattan. Xin He claimed that he had worked at the, all three of the locations. Jianying Lin and Huichu Chen had only worked in the Midtown location. At that time, the collective had been certified in the first Eastern District case as to the Midtown and Flushing locations only. Therefore, Mr. He in that case was not pursuing his claims as to the time he worked at the Chinatown location. Excuse me. Subsequently, the plaintiffs in the first Eastern District case sought to expand the scope of the collective to allow Mr. He to litigate his claims as to the Chinatown location where he had worked. That application had been denied. Therefore, he, Jianying Lin and Huichu Chen, commenced an action in the State Court in Manhattan under the New York Labor Law to pursue claims as to Chinatown and to Midtown. Their FLSA — Were you the attorney in that case? I was one of the attorneys in that case, yes. Go ahead. At that time, each of these three plaintiffs were only pursuing their FLSA claims in the Federal Court, and so were pursuing their State claims separately in the State Court as to the Manhattan locations. Subsequently, in the Federal Court action in the Eastern — Let me just back you up. Sure. You say they were only pursuing the Federal claims. Were those the only claims that had been advanced, or had they also advanced State labor law claims in the Federal case? The named plaintiffs in the Federal case had advanced Federal law claims and State law claims. Excuse me. However, these three plaintiffs had only opted into the State law portion of that action. But just to move forward, if I understand it, so your clients filed the State court action? Yes. And then they moved to dismiss it actually with prejudice, yes? Excuse me. That was a mistake. The default on the form used in the State court is with prejudice.  It was intended to be without prejudice. But it wasn't corrected for over a year, right? That's correct. So, okay. Okay. The — and the same day that they moved to dismiss that action, they filed their action in the Eastern District, right? Right, because what had happened was there was a decision in the Eastern District case decertifying the collective. So they were no longer participating in the first Eastern District. And now you say that you were forced to dismiss that action because it was in the wrong venue. First, it was in the wrong venue. And there is no — and there is no discretion under — I'm just wondering whether the plaintiffs have an incompetence of counsel claim here. First, there's a dismissal with prejudice. And, oh, by the way, that's just a mistake. A year later, we'll correct it. Then there's a lawsuit filed in the wrong venue in the Eastern District. Oh, well, everyone can make a mistake. And now that we have to dismiss that, it wasn't our fault. Gosh, no, it was the fault of the law or the laws of venue or whatever. This sounds very strange. Excuse me. Yes. And as I said, I was one of the lawyers on that case, and I was not terribly experienced at that time. Excuse me. What ultimately did end up happening once the case was filed in the Southern District, the Court recognized that there were no claims as to the flushing location, and we actually dismissed those claims. There was no basis for the case to have ever been in the Eastern District. Therefore, the dismissal was not voluntary, regardless of the device we used under Rule 41, but it was compelled. The statute 28 U.S.C. 1406 is clear. A case laying venue in the wrong division or district shall dismiss. There's no discretion here. It could not have proceeded in the Eastern District. And we corrected that mistake within one week of the filing. Excuse me. Following that, there was the case proceeded in the Southern District as an FLSA case normally would. It moved into conditional collective certification as to the Manhattan locations, particularly the Chinatown location, which had not been certified as in the first Eastern District case. The issue of the two dismissal rules brought up in passing in defendant's opposition to that motion. It was replied to briefly in our reply to that opposition. And there was no indication given that the judge in the Southern District would take the action she did, nor were the procedural safeguards respected, namely, no discovery had taken place whatsoever as to the plaintiff's employment at the Chinatown location. But we still have two dismissals. One of which was involuntary. The rule is very clear. The two dismissal rule applies only to two voluntary dismissals. And your argument is that because venue was laid in the wrong place? Because venue was laid in the wrong place and because there really were no claims that could have been brought against the Flushing location. Mr. He was the only one of these plaintiffs who had actually worked in the Flushing location. And at that time, he was a participant in the class that had been certified in the first Eastern District action. He couldn't have brought his claims. Right. While he couldn't have brought his claims twice, he wanted to remain in the class. And the Southern District recognized that when it asked the plaintiffs to dismiss the claims against the Flushing defendants, which we did, because they really didn't belong there. You've reserved two minutes for rebuttal. I'm sorry. Just didn't Mr. I'm not sure how you pronounce it, H-E, have. Anyway, didn't he work in the Eastern District? He did, but he was pursuing his claims against that location as part of the class in the first Eastern District action. He couldn't have. Well, he could have brought a separate action in the Eastern District. But he was participating as part of the class. He couldn't have done both. So you're saying this dismissal that you were just compelled to do, you were virtually sleepwalkers, some attorney signed his name to a piece of paper without any voluntary action on his part, was to dismiss a lawsuit that, in fact, could have been brought in the Eastern District by one of the three persons, other, but was not, but not for the class action that he now wanted to pursue. Is that, do I have that right? He wanted to proceed as a member of the class. He didn't want, excuse me, as to the Flushing location. So temporal, temporally, was he already in? Yes. As a member of the class, and that was already ongoing, and then he brought the second action? Yes. All right. Thank you. You've reserved two minutes for rebuttal. Mr. Horowitz. May it please the Court, David Horowitz, attorneys for defendants, appellees. This appeal involves the straightforward application of a clear and narrowly drawn rule, 41A1B, which provides that unless the notice states otherwise, the first notice of dismissal is without prejudice. But if the plaintiff ever dismissed a prior case based on the same claim or including the same claim, then the notice of dismissal operates as an adjudication on the merits. Now, the Supreme Court in Coudre and Gell has explained what 41A1B means and states that the first dismissal can occur during a very narrow time period before an answer, before a motion for summary judgment. But if there's a previous dismissal, a voluntary dismissal, as we have here, then that is an adjudication on the merits and it is with prejudice. In this case, these three plaintiffs started and voluntarily, unilaterally discontinued two actions, whether it's a State court or Federal court case. Their first action was a State court case, which they discontinued against all defendants with prejudice, and then they started a second action in the Eastern District of New York and they unilaterally and voluntarily dismissed that action. Regardless of what they call it, the rule is clear that that is an adjudication on the merits, which is with prejudice. And this Court has had an occasion to address the rule in the Polaron case, where this Court distinguished a prior dismissal that was based on a stipulation with consent of all parties as opposed to a unilateral voluntary dismissal. In that case, it was held that the plaintiffs still had a right to dismiss one case voluntarily. But in this case, both prior dismissals and discontinuance were done by the plaintiffs unilaterally, voluntarily, without consent and without a court order, and the narrowly drawn rule says that it is an adjudication on the merits with prejudice. Now, the fact that there was a previous existing case in the Eastern District, which at one time was a conditional collective action, and these three plaintiffs did opt in to that, but while the motions were pending before Judge Ross, these plaintiffs started a New York State action, which they discontinued. Then they started an Eastern District action, which they dismissed. It turned out that Judge Ross dismissed the conditional collective action and allowed a class action in Flushing. Now, these three plaintiffs are already out. By virtue of the two-dismissal rule, the state court action and their Eastern District action, the adjudication on the merits binds them and bars them as a matter of law from starting a third action, and that's what Judge Caprone decided in this case. That they don't get to do it a third time. In the third action, counsel did attempt to discontinue against the Flushing plaintiffs where there was an ongoing action in the Eastern District. You mean Flushing defendants? Flushing defendants, against the Flushing defendants, because of the ongoing action. But there was no — I mean, the whole purpose of the motions was to decide whether the discontinuous was with prejudice or without prejudice. Counsel wrote a letter. We wrote a letter before the motion was presented, and we took the position that it has to be with prejudice because of 41A1B and the adjudication on the merits rule. So that was litigated and it was included in the motion papers. Counsel was aware of that because we exchanged letters before the motion, and counsel also addressed that in his motion papers. Just to be absolutely clear, Judge Caprone then notified both parties that the motion would be considered a motion for summary judgment as against these three plaintiffs as a dismissal with prejudice. And that's how it proceeded. So both sides addressed it in the motion papers. There was notice. There was actual formal notice given as well as exchange of letters beforehand. So there was no problem with counsel realizing that this was going to be a decision to decide whether their previous dismissal was on the merits. Because it was being considered on the basis of a motion for summary judgment. Correct. Let me switch gears slightly here. One thing that I end up having to do, at least lead for my colleagues here, is figuring out what the caption in this case is. Yes. The caption should be the three named plaintiffs, Lynn, Chen, and He. The notice of appeal was filed on behalf of those three only. The underlying judgment only involves those three plaintiffs. Who are our defendants? Who are our defendants? Who are our defendant appellees first? The ---- Shanghai City Corp, DBA chose Shanghai. Shanghai Duplicate Corp, DBA chose Shanghai. Kui-Song Sze, a.k.a. Joseph Sze. Tung-Yi Lam, a.k.a. Peter Lam. William Koh, Yun Kai, and John Zhang. John Zhang, yes. And that's it. The others have been dismissed. Shanghai Original was dismissed. They were dismissed. They were dismissed. Before anything got to us here. They were dismissed by Judge Caproni on counsel's request in that third action. All right. So they are not here? No, those defendants are not here in this third action. And then there are some defendants who don't purport to be appellees. East Brother Corp, DBA chose Shanghai. And Gui-Fai Fong and Gui-Bing Shi, those ---- No, those were the dismissed defendants by Judge Caproni. Right. So they are ---- They're not part of the appeal. They were named in the third action before Judge Caproni. Oh, they were. Yes, they were all named. All right. They were named in all three cases. But they're not appellees. But they're not appellees because they were dismissed by plaintiff. One way or the other. With prejudice, without prejudice. At that point, they were just let out. Okay. Thank you. Anything else, Mr. Horowitz? Yes. Just regarding venue, I know counsel said that he was forced to dismiss because of venue. And I believe Judge Caproni found, and we argue as well, that if there was improper venue, there is a procedure for transferring a case to a proper venue. And I believe we have the section cited here. I don't recall it offhand. And otherwise, you know, there's no proof that venue was improper because when they started this third action, they named defendants located in the Eastern District, Shanghai Original, East Brother. And they alleged that venue was proper. And in the State Court action, they alleged that all of the, that defendants resided in the Eastern District. And there was no allegation that any defendant resided out of State. So there's really no, you know, basis for saying venue was improper or that they required, forced to dismiss because of that. And, you know, further, there was no motion made, no order dismissing the case. It was purely unilateral, voluntary on their part. Thank you very much, Mr. Horowitz. Mr. Schweitzer, you've reserved some time for rebuttal. In the First Eastern District Court action, there was an actual adjudication on the merits of whether the, excuse me, whether claims could be brought against both the Manhattan and the Flushing defendants. The finding there by Judge Ross was that there may have been unlawful practices under the FLSA at the Manhattan, at one or more of the Manhattan locations, but that if there was, it was not the same violation as took place at the Flushing location. These were not cases that belonged together. There was no basis after that finding for there to be a claim by individuals who worked only at the Manhattan locations against the Flushing location. Judge Ross also found that there was no commonality of management and there was no single enterprise. There was, it was crystal clear that there could not be a claim against the Flushing defendants. That's why it was moved out of the Eastern District after it had been mistakenly filed there. That's why those defendants were eventually dismissed out of the Southern District case. Excuse me. Out of the Southern District, sorry. I thought we were talking about the Eastern District. After the Southern District action commenced, the Flushing defendants were dismissed out of the Southern District case. All right, all right. I'm sorry. The Eastern District case eventually proceeded to trial. It's over. As for, excuse me. As for the procedural safeguards, one thing that Mr. Horowitz didn't cover at all was the fact that no discovery whatsoever had taken place as to the plaintiff's claims of their employment at the Chinatown location. The, excuse me, the Rule 56 is clear that a motion shall be converted into a summary judgment motion only when there is no doubt that either discovery is complete or further discovery would be futile. That was not the case here. The conversion into a summary judgment motion was inappropriate, and I seem to be out of time. Conversion to the summary judgment motion was on the basis of analogy. Was it not? On the grounds that there was an independent basis separate and apart from the facts, a procedural basis for dismissing the case. I don't believe that's supported by the case law. The case law is that you have to satisfy that further discovery would be futile or that discovery. The answer is yes, you're correct, but I don't believe it's supported by the case law. Yes. Okay. Thank you. Thank you both. We'll reserve decision in this case.